Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6582 | **DATE** | 6/28/2001 |
| **CASE TITLE** | United States of America vs. Keith Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's request for appointment of counsel and motion to vacate, set aside, and correct sentence are denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 29 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | 01 JUN 28 PM 12:14 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )  | |
| Plaintiff, ) | |
| ) | 00 C 6582 |
| v. ) | |
| ) | Judge George W. Lindberg |
| KEITH JONES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Keith Jones pled guilty in June 1998 to racketeering in violation of 18 U.S.C. § 1962(c). On January 29, 1999, this court sentenced defendant to 168 months' imprisonment, three years' supervised release, a $10,000 fine, and a $50 special assessment. Defendant appealed his sentence, which was affirmed on April 19, 2000. See United States v. Jones, 209 F.3d 991 (7th Cir. 2000). Defendant has filed this motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255, claiming (1) that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) ineffective assistance of counsel. He also requests the appointment of counsel. For the reasons stated below, defendant's motion and his request for appointed counsel are denied.

Defendant was charged in a seven-count indictment with narcotics violations, extortion, and racketeering based on crimes he was alleged to have committed while he was employed as a police officer with the Ford Heights, Illinois, Police Department. Defendant pled guilty to one count of racketeering, for conspiring with others to possess 17.3 grams of crack cocaine with the intent to distribute it. In the plea agreement, defendant admitted that he had sold approximately

17.3 grams of crack cocaine in January 1995. He further admitted to accepting payoffs from drug organizations in exchange for allowing their drug distribution operations to continue without police interference. Finally, he admitted to agreeing to fix court cases in the 1990s. The plea agreement states that defendant's base offense level was 38 because he was accountable for at least 1.5 kilograms of cocaine distributed by the drug organizations defendant assisted. The agreement noted that defendant disputed this calculation. Following defendant's guilty plea, the United States Probation Office submitted a report to the court concurring that defendant should be held accountable for more than 1.5 kilograms of crack cocaine.

During the sentencing hearing, defense counsel acknowledged that defendant was responsible for all reasonably foreseeable quantities of narcotics within the scope of the criminal activity that defendant jointly undertook, but argued that defendant nevertheless should be held accountable for a far lesser amount of narcotics than 1.5 kilograms. This court rejected that argument, concluding that defendant should be held accountable for at least 1.5 kilograms of crack cocaine, which made him eligible for a sentence of ten years to life imprisonment. This court sentenced defendant to fourteen years in prison.

Defendant first asserts that, under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), basing his sentence on his accountability for 1.5 kilograms of cocaine when only 17.3 grams were specifically charged in the indictment violated his Fifth, Sixth, and Fourteenth Amendment rights. The government argues that <u>Apprendi</u> does not apply to cases on collateral review, and contends that even if <u>Apprendi</u> were applicable, the sentence nevertheless would be valid because the penalty imposed did not exceed the maximum penalty statutorily prescribed for the amount of narcotics alleged in the indictment.

2

In Apprendi, the United States Supreme Court held that any fact, other than a prior conviction, which increases the penalty for a crime beyond the maximum statutory penalty authorized by the legislature must be submitted to the jury. Apprendi, 530 U.S. at 490. Thus, a defendant may not be subjected to an enhanced sentence based on the quantity of narcotics involved if that quantity has not been charged in the indictment and proven beyond a reasonable doubt. United States v. Robinson, 250 F.3d 527, 529 (7th Cir. 2001). Conversely, Apprendi is irrelevant in cases in which a defendant's sentence does not exceed the maximum sentence authorized by the statute without the challenged enhancement. Id.

Here, the indictment charges defendant with racketeering involving the distribution of 17.3 grams of crack cocaine, and defendant admitted distributing at least that amount. Even without an enhancement for relevant conduct, the distribution of 17.3 grams of crack cocaine would make defendant eligible for a maximum sentence of forty years. See U.S.S.G. § 2E1.1; 21 U.S.C. § 841(b)(1)(B); 21 U.S.C. § 846. Defendant received a sentence of fourteen years imprisonment, well within the statutorily prescribed maximum sentence without the enhancement – within even the statutorily prescribed maximum sentence of twenty years for the very lowest level of cocaine distribution. See 21 U.S.C. § 841(b)(1)(C). Accordingly, Apprendi is inapplicable to this case, and we need not reach the issue of whether Apprendi applies to cases on collateral review.

Despite defendant's statement at the sentencing hearing that he was in no way dissatisfied with his counsel's service or representation, defendant next argues that his sentence should be vacated because he was denied effective assistance of counsel. As a preliminary matter, we note that it is appropriate for the defendant to have raised the issue of ineffective assistance of counsel for the first time in this collateral attack, especially given the fact that the same attorney

3

represented defendant both when he entered his guilty plea and during his appeal. See Velarde v. United States, 972 F.2d 826, 827 (7th Cir. 1992). Under Strickland v. Washington, 466 U.S. 668, 688, 690, 692 (1984), defendant bears the burden of showing that his attorney's conduct (1) "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance'" and (2) that because of this ineffective assistance, his defense was actually prejudiced. Counsel is presumed effective, and defendant's burden is a heavy one. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993), cert. denied, 510 U.S. 1099 (1994).

Defendant asserts that defense counsel failed to gather evidence, interview favorable witnesses, and present their testimony at the sentencing hearing to effectively challenge the government's calculation of the amount of narcotics for which defendant should be held responsible. Defendant identifies these witnesses merely as "police officers, conspirators, and others," and states that they could have established that he was not involved in the distribution of 1.5 kilograms of cocaine. "Usually, counsel's decision not to call a witness is a tactical choice not subject to review." Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir. 1994). Defendant's general conclusion as to these unidentified witnesses' potential testimony, without more, is speculative, and fails to support a finding of ineffective assistance.[1] See United States v. Muehlbauer, 892 F.2d 664, 669 (7th Cir. 1990).

In addition, defense counsel contested the quantity of narcotics for which defendant should be held responsible. The plea agreement itself notes that defendant disputed the amount of narcotics for which the government was seeking to hold him responsible. In the sentencing

---

[1] Defendant also complains of counsel's decision not to present certain legal research to the court; similarly, this decision is a matter of strategy.

4

hearing, defense counsel argued that the Probation Office's Presentence Investigation Report ("PSR") incorrectly attributed more than 1.5 kilograms of cocaine to him, and requested this court not to impose the sentence recommended in the PSR. Although this court rejected defense counsel's arguments, counsel's efforts belie a finding of ineffective assistance.

Moreover, the facts outlined in the plea agreement defeat any argument of prejudice. The plea agreement states that defendant solicited and received payoffs from various drug organizations in the Ford Heights area from approximately 1991 to 1996. In exchange, defendant arranged for drug dealers the opportunity to sell large quantities of drugs without police interference. Apparently, the purpose of the evidence defendant alleges his attorney should have secured and presented was to somehow show that he was not involved in narcotics distribution. Since the facts contained in the plea agreement establish defendant's involvement with drug organizations sufficient to hold him accountable for their actions, defendant is not prejudiced by his attorney's failure to investigate or present evidence on the issue of defendant's personal involvement in narcotics distribution.

Defendant next asserts that defense counsel failed to negotiate an adequate plea agreement. Defendant states that counsel hired shortly before the entry of the plea agreement merely substituted his name for that of the previous attorney, without renegotiating or changing the terms of the agreement. Defendant fails, however, to establish how this action (or inaction) constitutes error. Even if defendant had established some deficiency in his attorney's conduct, he still has failed to show how he was prejudiced. Defendant entered his guilty plea despite his knowledge

that the government was seeking to hold him responsible for 1.5 kilograms of cocaine.[2] Defense counsel's failure to negotiate a different plea agreement does not constitute ineffective assistance of counsel.

A Section 2255 petition may be dismissed summarily if "the record conclusively demonstrates that the petitioner is not entitled to relief." Barker, 7 F.3d at 633 n.3. Under the record made in this case, no evidentiary hearing is necessary to determine that defendant is not entitled to relief. Further, the appointment of counsel is unnecessary, given that no evidentiary hearing will be held. Accordingly, the court denies defendant's request for the appointment of counsel, and denies defendant's motion to vacate, set aside, and correct sentence.

**ORDERED:** Defendant's request for the appointment of counsel, and his motion to vacate, set aside, and correct sentence are denied.

ENTER:

George W. Lindberg
United States District Judge

DATED: JUN 2 9 2001

---

[2] In his reply brief, defendant now claims that counsel coerced him into pleading guilty by promising him that if he was held responsible for the greater amount of narcotics, the sentence would be overturned on appeal. This self-serving statement is insufficient to satisfy Strickland's prejudice requirement.

6